UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DANIEL O'CONNELL,
    *Plaintiff*,

v.

THE UNITED STATES OF AMERICA,
    *Defendant*,

C.A. No. 1:25-cv-11948

## COMPLAINT UNDER THE FEDERAL TORT CLAIMS ACT

### PARTIES

1. Plaintiff, Daniel O'Connell, is a resident 2 Mockingbird Lane, City of North Attleboro, County of Bristol, Commonwealth of Massachusetts.

2. The claims herein are brought against the United States of America under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's Federal Tort Claims Act claim under 28 U.S.C § 1346(b).

4. Plaintiff's claim has been denied in writing prior to the filing of this action, as required by 28 U.S.C. § 2675(a).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1402(b) because Plaintiff resides in this judicial district and the act or omission giving rise to this claim occurred within this judicial district.

## **FACTS**

6. On or about July 10, 2021, Plaintiff Daniel O'Connell was operating a bicycle in a lawful manner, and in the exercise of reasonable care, riding in a westerly direction on the right side of the road on Route 106 (Messenger Street) in the Town of Plainville, in the Commonwealth of Massachusetts.

7. On the same date, United States Postal Truck Number 2207831 was being operated just ahead of Plaintiff on Route 106, by Postman Richard Dias of 24 Southview Drive, Attleboro, MA 02703 within the scope of Postman Dias's employment with the United States Postal Service.

8. On the same date, Postman Richard Dias turned right into the driveway of 110 Messenger Street, Plainville, MA in order to deliver mail to the residence of 125 Messenger Street.

9. Plaintiff continued in his direction of travel along Route 106, and just as Plaintiff approached the driveway of 110 Messenger Street, Postman Richard Dias abruptly exited the driveway of 110 Messenger Street onto the roadway without stopping.

10. Plaintiff attempted to swerve his bicycle to avoid contact with the U.S. Postal Truck, however was unable to avoid collision.

11. Postman Richard Dias negligently operated the U.S. Postal Truck in such a manner that he caused Plaintiff to strike the left side of the front of the Postal Truck, catapult out of his bicycle, over the front of the Postal Truck, and land on the road on the other side of the Postal Truck.

12. The incident caused Plaintiff to slide on the concrete before finally coming to a stop 70 or 80 feet from the point of impact.

13. The force of the collision between Plaintiff and the U.S. Postal Truck left a dent in the body of the U.S. Postal Truck.

14. Thereafter, Patrolman C. Cere (#347) of the Plainville Police Department was dispatched to the scene on July 10, 2021 at 12:18 p.m. with Patrolman W. McEvoy (#342) assisting.

15. After Patrolman Cere viewed the scene, the property damage, and spoke to Plaintiff and Postman Dias, Patrolman Cere determined that Postman Dias was at fault for the collision.

16. Patrolman Cere issued a citation to Postman Dias for failure to yield the right of way.

17. Sgt. M. Street (#326) responded to the scene and took photographs to be documented in the police incident report.

18. The Plainville Fire Department responded to the scene and transported Plaintiff to the nearest hospital, Sturdy Memorial Hospital, via Ambulance.

19. Specifically, EMT-Paramedic Benjamin Angelo (P0903811) and EMT-Paramedic Devin Eisele (P0902217) of the Plainville Fire Department responded to the scene and provided care and transport to Plaintiff.

20. On February 2, 2023, Plaintiff presented his claim in writing on the Standard Form 95 (Rev 2/2007) as well as supporting documentation, to the United States Postal Service. See **Exhibit A**.

21. On February 3, 2023, Michael A. Joosten, Tort Claims/Collection Specialist of the United States Postal Service office located at 25 Dorchester Ave Room 4019, Boston, MA 02205-9331 advised Plaintiff (through his attorney) that his claim was being forwarded to the USPS – National Tort Center located at 1720 Market St. Room 2400, St. Louis MO 63155-9948.

22. On or about June 26, 2025, Plaintiff's claim was denied. See **Exhibit B**.

## COUNT I – NEGLIGENCE
## UNDER FEDERAL TORT CLAIMS ACT

23. Plaintiff realleges and incorporates the preceding paragraphs as if fully set forth herein.

24. The Federal Tort Claims Act is the exclusive remedy for monetary damages for injuries caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of their office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law in the place where the act or omission occurred pursuant to 28 U.S.C. § 2679(b)(1).

25. At all relevant times, Plaintiff was in the exercise of due care and free from any negligence whatsoever.

26. At all relevant times, Postman Richard M. Dias was operating the United States Postal Truck in his capacity as an employee of the United States Postal Service and within his scope of employment.

27. Postman Richard M. Dias had a duty to exercise reasonable care in the operation of his U.S. Postal Truck and breached that duty by operating the U.S. Postal Truck in a negligent and unsafe manner.

28. As a direct and proximate result of the negligent operation of the United States Postal Truck by Postman Richard M. Dias, employee of the United States Postal Service, Plaintiff suffered destruction of personal property totaling $7,681.00 and itemized as follows:

   a. Van Dessel Sports - Motivus Carbon Fiber Bicycle, valued at $4,195.00;

   b. Hunt Racing 48 Limitless Carbon Fiber Wheel Set, valued at $1,099.00

   c. Abus Game Changer Helmet, valued at $259.00

   d. Pearl Izumi Leader 4V Pro Carbon Fiber Shoes, valued at $259.00

    e.   USA Team Cycling kit and Izumi bib shorts, valued at $159.00

    f.   SRAM Red Shifters, valued at $399.00

    g.   SRAM Force Reach Neck, valued at $159.00

    h.   Shimano Sport Sunglasses, valued at $109.00

    i.   Continental GP5000 Tire (front), valued at $89.00

    j.   Stages Left-Sided Power Meter Ultegra, valued at $399.00

    k.   Stages 10 Cycling Computer, valued at $199.00

    l.   iPhone X, valued at $365.00

29. As a direct and proximate result of the negligent operation of the United States Postal Truck by Postman Richard M. Dias, employee of the United States Postal Service, Plaintiff suffered personal injuries, including dyspnea and fatigue from pulmonary contusion; sprain of left ankle and pain in left ankle joints; low back pain; contusion of right foot; contusion of right forearm; contusion of left knee and lower leg; and contusion of left shoulder.

30. As a direct and proximate result of the negligent operation of the United States Postal Truck by Postman Richard M. Dias, employee of the United States Postal Service, Plaintiff suffered has incurred medical expenses totaling $16,387.45.

31. As a direct and proximate result of the negligent operation of the United States Postal Truck by Postman Richard M. Dias, employee of the United States Postal Service, Plaintiff has suffered lost wages and a loss of earning capacity resulting in lost wages from time out-of-work totaling, $1,821.00.

32. As a direct and proximate result of the negligent operation of the United States Postal Truck, Plaintiff experienced pain and suffering.

**WHEREFORE,** Plaintiff seeks judgment in his favor against Defendant the United States of America for compensatory damages in the amount of $52,681.00.

**MICHAEL R. DE LUCA, BBO NO. 639509, IS DESIGNATED AS TRIAL COUNSEL.**

        Plaintiff Daniel O'Connell,
        By His Attorneys,

        */s/ Michael R. De Luca*
        Michael R. De Luca, Esq. (BBO #639509)
        Kenneth J. Sylvia, Esq. (BBO #698475)
        Gidley, Sarli & Marusak, LLP
        One Turks Head Place, Suite 900
        Providence, Rhode Island 02903
        (401) 274-6644
        (401) 331-9304 (fax)
        mrd@gsm-law.com
        kjs@gsm-law.com